## WOOTTEN et al. v. JONES.
### No. 325 Civil.

District Court, W. D. Oklahoma.

Jan. 14, 1941.

Alger Melton, of Chickasha, Okl. (Melton, McElroy & Vaughn, of Chickasha, Okl.), for plaintiffs.

Geo. H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

This is an action brought to recover on an alleged overpayment of taxes.

The plaintiffs filed their return and on March 26, 1936, paid as federal estate tax on the estate of R. K. Wootten, deceased, the sum of $818,933.59, all as shown by the computation on the return. In January, 1939, the plaintiffs paid to defendant an additional income tax for the calendar year 1934, from January 1 to November 30, the date of the death of R. K. Wootten,

deceased, in the sum of $24,575.78. On March 14, 1939, the plaintiffs filed a claim for refund in the sum of $4,167.39, alleged as an overpayment of the estate tax by reason of the 1934 additional income tax of $24,575.78. On May 13, 1939, the plaintiffs filed an "amended claim" for refund including the item of the original claim filed March 14, 1939, and the additional items of $13,992.95, attorneys' fees paid on April 10, 1939; $8,193.63, additional state income tax for 1933 and interest of $348.23, paid April 12, 1939; attorneys' fees paid prior to March 11, 1939, in the sum of $2,000; and items of accounting, which are now eliminated.

The sole question involved is whether or not the amended claim filed on May 13, 1939, constitutes a legal claim. The decision of this matter involves the construction of Section 319(b) of the Revenue Act of 1926, as amended by Section 810(a) of the Revenue Act of 1932, 47 Stat. 169, 283, 26 U.S.C.A. Int.Rev.Code, § 910 (and sec. 912), which in part reads as follows: "All claims for the refunding of the tax imposed by this title [subchapter] alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax."

The defendant contends that the items contained in the amended claim filed on May 13, 1939, for attorneys' fees paid on April 10, 1939; additional state income tax for the year 1933 paid April 12, 1939; and the attorneys' fees paid prior to March 11, 1939, are items having no relation to the items contained in the claim for refund filed on March 14, 1939.

The claim filed on March 14, 1939, was filed within the three year period but the amended claim was not filed within the three year period.

The petition shows on its face that in the original claim the taxpayers sought to make the amended claim a part of the original claim and, therefore, to bring it within the three year period and that since the amendment to the claim was filed, although beyond the three year period yet before the Commissioner acted on the original claim, it thereby becomes a part of the original claim.

In Exhibit C to the plaintiffs' petition, which is a letter dated August 15, 1939, to the executors, the Commissioner states, referring to the original claim and to the amended claim:

"Both claims have received the consideration of the Bureau. As the result of such consideration a certificate of overassessment has been issued covering a refund of $4,167.39, representing the amount claimed on Form 843 filed on March 14, 1939. However, the claim filed on May 13, 1939, based on certain additional claims for deduction on account of attorney's and accountant's fees, is considered to have been untimely filed and has been rejected in view of the provisions of section 319(b) of the Revenue Act of 1926, as amended by section 810(a) of the Revenue Act of 1932, which in part reads as follows:

" ' *   *   * All claims for the refunding of the tax imposed by this title [subchapter] alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. *   *   * ' "

In a letter on September 5, 1939, to the plaintiffs, with further reference to said amended claim, the Commissioner gives his reasons for holding that the amended claim was untimely filed, as follows:

"1. Because it not only involves additional and new items not listed in the claim of March 14, 1939, but also items which were paid after the period for filing a refund claim had expired; and

"2. Because it was not filed within three years next after the payment of the tax as provided by the statute."

The court is of the opinion that the items contained in the so-called amended claim are not sufficiently related to the items contained in the original claim filed on March 14, 1939, as to make said amended claim really an amendment to the original claim, but that said items contained in the amended claim are independent items not contained in or referred to by inference in the original claim.

The motion to dismiss should be sustained and a proper order may be submitted within ten (10) days from this date. An exception is allowed.